# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 17-793

**CAREY DORSEY**

**VERSUS**

**PROTEMP STAFFING SOLUTIONS, INC.**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 15-06413
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

## VAN H. KYZAR

## JUDGE

**********

Court composed of Sylvia R. Cooks, John E. Conery, and Van H. Kyzar, Judges.

## MOTIONS TO DISMISS APPEAL DENIED.

Stacy Christopher Auzenne
Auzenne Law Firm
3600 Jackson Street, #121
Post Office Box 11817
Alexandria, Louisiana 71315-1817
(318) 880-0087
COUNSEL FOR DEFENDANT/APPELLEE:
     ProTemp Staffing Solutions, Inc.

Charles William Farr
Attorney at Law
1966 North Highway 190, Suite B
Covington, Louisiana 70433
(985) 626-3812
COUNSEL FOR DEFENDANT/APPELLEE:
     Boise Cascade Company

Carey Dwayne Dorsey
Post Office Box 562
Oberlin, Louisiana 70655
(337) 977-1244
APPELLANT:
          IN PROPER PERSON

**KYZAR, Judge.**

Defendants-Appellees, ProTemp Staffing Solutions, Inc. (ProTemp Staffing), and Boise Cascade Company (Boise Cascade), moved to dismiss this appeal. This court issued a limited remand of this appeal in order for the Office of Workers' Compensation (OWC) court to conduct a contradictory hearing and enter a ruling as to whether the Plaintiff timely fax-filed his motion for new trial. We now enter judgment denying the motions to dismiss the appeal.

This case involves a workers' compensation action which was filed by Plaintiff-Appellant, Carey Dorsey. On April 13, 2017, the OWC judge signed the judgment appealed, and notice of this judgment was mailed on the same day.

The record originally filed in this court reflected that Plaintiff filed his motion for new trial on April 26, 2017, which would have been untimely. The delay for filing a timely motion for new trial in this case ended on April 25, 2017. Thus, the Defendants filed their respective motions to dismiss the appeal as untimely filed.

Plaintiff filed a response in this court to the motions to dismiss the appeal. In Plaintiff's response, he asserted that he had fax-filed his motion for new trial in the OWC court on April 24, 2017.

Since this court is a court of record and cannot take evidence, this court entered the above-referenced limited remand. The OWC court has now conducted its hearing, taken evidence, and entered judgment finding that the Plaintiff did timely fax-file his motion for new trial on April 24, 2017, and that he also timely filed the original document with an appropriate filing fee within the time required by La.R.S. 13:850. The record in this appeal has been supplemented with the transcript of this hearing and with the exhibits filed into the record during that hearing.

Having reviewed the transcript, the trial court's ruling, and the exhibits entered into the record during this hearing, we find that the motions to dismiss filed by the Defendants must be denied. The documents support the OWC judge's decision that the Plaintiff timely fax-filed his motion for new trial on April 24, 2017, and that he timely followed up the fax-filing with the necessary filing of the original documents and an appropriate filing fee. Accordingly, we now deny the motions to dismiss the appeal.

**MOTIONS TO DISMISS APPEAL DENIED.**